Battle, J.
 

 Had the defendant Fair been under the necessity of showing, that he had made a tender of the money to the relator, in order to save himself from liability to his action, the cases of Mills v. Huggins, 3 Dev. 58, and Thomas v. Evans, 10 East, 101, cited by the counsel, would have been in point, to sustain his Honor. But, in truth, the defendant, as constable, was a mere collecting agent of the relator, and the relator was, under the circumstances, bound to make a demand upon him, before he had a right to sue
 
 *175
 
 Mm. White v. Miller, 3 Dev. and Bat. 55. And it seems, from the case of Wills v. Sugg, 3 Ired. 96, that where the demand was made, if the defendant did not have' the money with him, he had a right to a reasonable time within which to get it and pay it over.
 

 But, however that may be, it is certain, that the demand in this case was insufficient to put the defendant in default. The relator demanded all the money, after deducting'the costs, and the amount of his own purchase, for which the property was sold. He was entitled to only a very small portion of it;1 yet,'when the defendant' said,he would pay him half the amount of the sale,- he refused, declaring that “he would have all, or none,” and soon afterwards brought suit. It would be clearly unjust, to hold that the defendant had committed any breach of official duty by declining to comply with such an unreasonable demand, and we feel gratified, that neither principle nor authority requires us to do it. The principle of this ease is somewhat analogous to that of the notice which we decided in Ward v. Jones, Bus. 127, to be necessary to charge an administrator, with the funeral expenses of his intestate. Such notice must not be, of a few items only, in a large bill, the whole of whioh is claimed of an administrator. So, in a case like the present, the demand to charge a constable as collecting agent, must not be a peremptory one, for a much larger sum than the relator has a right to claim, accompanied with a declaration, that he will have that or nothing!
 

 The judgment being upon a verdict, which, as the case states, was taken, subject to the opinion of the Court, upon a question of law, must, together with the verdict, be set aside, and a judgment of non-suit entered.
 

 Judgment reversed.